1  David S. Gingras, Esq., CSB #218793
   Neal H. Bookspan, Esq. (Admitted *Pro Hac Vice*)
2  **JABURG & WILK, P.C.**
   3200 North Central Avenue, Suite 2000
3  Phoenix, Arizona 85012
   Telephone: (602) 248-1000
4  Facsimile: (602) 248-0522
   DSG@JABURGWILK.COM
5  NHB@JABURGWILK.COM

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 2 6 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

6

7

8

9              IN THE UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  MEDICAL INTERMEDIARIES, L.L.C.,          Case No: 8:08-CV-01059-AHS-MLG
    A California Corporation,
12
            Plaintiff/Counterdefendant       [~~PROPOSED~~] PROTECTIVE ORDER
13
14          v.

15  AMERICAN      STUDENT      LOAN          **NOTE CHANGES MADE BY THE COURT**
    SERVICES, Inc., an Arizona Corporation,
16
            Defendant/Counterclaimant.
17
    ─────────────────────────────────
18  AMERICAN      STUDENT      LOAN
    SERVICES, Inc., an Arizona Corporation,
19
            Counterclaimant,
20
21          v.

    MEDICAL INTERMEDIARIES, L.L.C.,
22  A California Corporation,

23          Counterdefendant.

24
            Pursuant to stipulation of the parties, and for good cause,
25
    IT IS HEREBY ORDERED AS FOLLOWS:
26
            1.     For purposes of this Order:
27

28

FENNEMORE CRAIG, P.C.
PHOENIX
                              [PROPOSED] PROTECTIVE ORDER

11900-13/DSG/DSG/711399_v2

1   (i)   The words "Confidential Information" mean and include all

2   documents, information, materials and things that ASLS or MI reasonably believe contain

3   or disclose confidential, non-public, proprietary, business, commercial, personal, and/or

4   sensitive information such as financial data, proprietary or nonpublic commercial

5   information, information involving a legitimate privacy interest, and other competitively

6   sensitive information that is of a nonpublic nature; and

7   (ii)   The words "Confidential Documents" mean and include any

8   document that ASLS or MI (a) reasonably believe contains Confidential Information, and

9   (b) mark either as "Confidential" or "Confidential – Counsel Only."

10   2.   ASLS or MI, by agreeing to this Order, are not waiving their respective

11   rights to challenge any designation of any document, information, material or thing as

12   "Confidential" or "Confidential – Counsel Only."

13   3.   No Confidential Documents shall be produced and no Confidential

14   Information shall be disclosed to any agent of ASLS or MI, unless that person agrees to be

15   bound by the terms of this Order by signing a document entitled "Agreement To Be

16   Bound By Protective Order" (the "Agreement") in the form attached as Attachment 1.

17   The original signed Agreement shall be held by Counsel for the party who is disclosing

18   the Confidential Documents or Confidential Information.

19   4.   Confidential   Documents   and   Confidential   Information   marked   as

20   "Confidential," and any summaries, charts, or notes made therefrom, and any facts or

21   information contained therein or derived therefrom (collectively, "Confidential Material")

22   may be disclosed only in accordance with this Order, and only to the Court and/or the

23   following: (a) ASLS; (b) MI; (c) counsel for ASLS ("Defense Counsel") and counsel for

24   MI ("Plaintiff's Counsel"); (d) Defense Counsels' and Plaintiffs' Counsels' agents,

25   employees, paralegals, or other secretarial and clerical employees; (e) experts,

26   independent contractors, consultants, or advisors who are employed or retained by, or on

27   behalf of, one or more of the Defense Counsel or Plaintiff's Counsel to assist in

28   preparation of this action for trial; (f) deponents and their counsel who have a need to

FENNEMORE CRAIG, P.C.
PHOENIX

- 2 -
[PROPOSED] PROTECTIVE ORDER

11900-13/DSG/DSG/711399_v2

1    review this material during the course of, or in connection with, depositions to be taken in

2    this action; (g) stenographic reporters who are involved in depositions, the trial, or any

3    hearings or proceedings before the Court in this action; and (h) witnesses in this action

4    who need to review this material in connection with their testimony in this action.

5          5.     Confidential    Documents    and    Confidential    Information    marked    as

6    "Confidential – Counsel Only," and any summaries, charts, or notes made therefrom, and

7    any   facts   or   information   contained   therein   or   derived   therefrom   (collectively,

8    "Confidential Material") may be disclosed only in accordance with this Order, and only to

9    the   Court   and/or   the   following:     (a) Defense   Counsel   and   Plaintiff's   Counsel;   (b)

10   Plaintiff's   Counsel   and   Defense   Counsel's   agents,   employees,   paralegals,   or   other

11   secretarial and clerical employees; (c) experts, independent contractors, consultants, jury

12   consultants, graphics vendors, or advisors who are employed or retained by, or on behalf

13   of, one or more of the Plaintiff's Counsel or Defense Counsel to assist in preparation of

14   this action for trial; (d) deponents and witnesses and their counsel who have a need to

15   review this material during the course of, or in connection with, their testimony to be

16   taken in this action; (e) stenographic reporters who are involved in depositions, the trial,

17   or any hearings or proceedings before the Court in this action; and (f) witnesses in this

18   action who need to review this material in connection with their testimony in this action.

19   Confidential   Documents   and   Confidential   Information,   in   the   absence   of   written

20   permission from a Designating Party, shall be used solely for purposes of the prosecution

21   and defense of the above-entitled litigation and shall not be used by any party for any

22   other purpose and shall not be disclosed to or discussed with any person other than as set

23   forth in this Stipulated Protective Order.

24         6.     Notwithstanding anything to the contrary contained in this Order:

25         (i)     Confidential Material may be disclosed to the persons and entities

26   listed in paragraphs 4 or 5 only after such person or entity has (a) been shown a copy of

27   this Protective Order, and (b) agreed to be bound by this Protective Order by signing an

28   Agreement in the form attached as Attachment 1.  The original signed Agreement shall be

[PROPOSED] PROTECTIVE ORDER

FENNEMORE CRAIG, P.C.
PHOENIX

11900-13/DSG/DSG/711399_v2

1    held by the Defense Counsel who is disclosing the Confidential Material to any person or

2    entity listed in paragraph 4;

3            (ii)    If Confidential Material is revealed during a deposition, then before

4    the transcript is disseminated by the stenographer to counsel for the parties, the

5    stenographer shall mark as "Confidential" the original and all copies of (a) the cover page,

6    (b) all appropriate pages of the transcript, and (c) all appropriate exhibits;

7            (iii)   If any Confidential Material is to be included with or otherwise

8    disclosed in any document filed with the Clerk of this Court or any other Court, including,

9    without limitation, any pleading, motion paper, brief, or deposition transcript, then before

10   such document is filed the party wishing to file the document will submit a motion for

11   filing under seal for the Court's consideration, and will not file the Confidential Material

12   unless the Court grants the motion permitting the Confidential Material to be filed under

13   seal, or unless some other means of protecting the Confidential Material is agreed upon by

14   all parties, and

15           (iv)    Confidential Material may be offered into evidence at trial or in any

16   hearing, subject to procedures that will be established by the parties and the Court for the

17   use and protection of such information.  In this regard, if any party desires to use any

18   Confidential Material in open Court at trial or in any hearing, then (a) at least seven court

19   days before the trial or hearing, counsel for the party who desires to use the Confidential

20   Material shall advise counsel for the party that designated the material as Confidential

21   Material, in writing, of the Confidential Material that counsel desires to use at the trial or

22   hearing, and (b) at least three court days before the trial or hearing, counsel for all parties

23   shall meet in an effort to resolve any objections to the use of the Confidential Material,

24   and to propose such amendments to this Order as the parties agree are necessary to assure

25   the continued confidentiality of the Confidential Material.  No Confidential Material shall

26   lose its status as confidential, as the result of the use of such Confidential Information in

27   any trial or hearing, provided that such use is consistent with the terms of this Order.

28

FENNEMORE CRAIG, P.C.
PHOENIX

- 4 -
[PROPOSED] PROTECTIVE ORDER

11900-13/DSG/DSG/711399_v2

7.    Every person who receives Confidential Material shall (i) keep all Confidential Material in strict confidence, (ii) not use any of the Confidential Material for any purpose unrelated to this litigation, and (iii) not copy or reproduce any of the Confidential Material for use in this action, except (a) to the extent such copying or reproduction is necessary to the prosecution or defense of this action, and (b) on the condition that all such copies or reproductions shall be subject to the terms of this Order.

8.    Counsel for the parties to whom Confidential Material has been furnished shall be responsible for restricting disclosures of the Confidential Material in accordance with the provisions of this Protective Order.

9.    The termination of proceedings in this action shall not relieve any person who receives any Confidential Material of the duty to maintain the confidentiality of the Confidential Material.

10.   Nothing in this Stipulated Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Order.

11.   This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other ground(s) for not producing Discovery Material.

12.   Within ninety (90) days after final termination of this action, each Party shall assemble al documents and things furnished and designated by an other Party or non-party as containing Confidential Information and Confidential Documents and all copies, summaries, and abstracts thereof, and shall return such documents and things to the Producing Party; provided, however, that the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, trial, hearing, and deposition transcripts, legal memoranda, correspondence, work product and attorney-client communication that include or are derived from Protected Material.

13.   This stipulation is for the Court's consideration and approval as an Order.  It shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

FENNEMORE CRAIG, P.C.
PHOENIX

- 5 -
[PROPOSED] PROTECTIVE ORDER

11900-13/DSG/DSG/711399_v2

14.   The obligations created by this Stipulated Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court or stipulated by the Parties. ~~The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce the Stipulated Protective Order and to make such amendments and modifications to this Order as may be appropriate.~~

15.   This Stipulated Protective Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of the Stipulated Protective Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

GOOD CAUSE EXISTING THEREFOR, IT IS SO ORDERED.

DATED _3/26_  2009.

_____
~~Alicemarie H. Stotler~~
~~UNITED STATES DISTRICT JUDGE~~

MARC L. GOLDMAN
U. S. MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER

FENNEMORE CRAIG, P.C.
PHOENIX

11900-13/DSG/DSG/711399_v2

## ATTACHMENT 1
## IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL INTERMEDIARIES, L.L.C., A California Corporation,<br><br>     Plaintiff/Counterdefendant<br><br>     v.<br><br>AMERICAN STUDENT LOAN SERVICES, Inc., an Arizona Corporation,<br><br>     Defendant/Counterclaimant. | Case No: 8:08-CV-01059-AHS-MLG |

AMERICAN STUDENT LOAN SERVICES, Inc., an Arizona Corporation,

     Counterclaimant,

     v.

MEDICAL INTERMEDIARIES, L.L.C., A California Corporation,

     Counterdefendant.

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I hereby certify that I have read the Stipulated Protective Order (the "Protective Order") entered in this case; I agree to be bound by the Protective Order; and I voluntarily submit to the personal jurisdiction of this Court for purposes of enforcement of the Protective Order and the imposition of any sanctions for contempt or other violation of the Protective Order.

_____
Date

_____
(Print Name)

_____
Signature

11900-13/DSG/DSG/711399_v2